04-2-07LMS131709-3T-LIT(03-30-07)  LIT-4476

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SULLIVAN, etc., | )<br>)<br>) |
| Plaintiff, | )<br>) No. 05 C 2412 |
| v. | )<br>) Judge Kennelly |
| MOLA CONSTRUCTION CO., INC., | )<br>) Magistrate Judge Nolan |
| Defendant, | )<br>) |

## MOTION FOR ENTRY OF JUDGMENT

NOW COMES Plaintiff, JAMES T. SULLIVAN, etc., by his attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, LISA M. SIMIONI, and MEREDITH A. ILG, with LEWIS, OVERBECK & FURMAN, LLP, of counsel, and, pursuant to Orders entered July 26, 2005, and December 23, 2005, moves the Court to: (1) enter Judgment in favor of Plaintiff and against Defendant, MOLA CONSTRUCTION CO., INC., in the amount of $39,330.98; and (2) enter Judgment in favor of Plaintiff and against Defendant, MOLA CONSTRUCTION CO., INC., and Joseph F. Cascella, jointly and severally, in the amount of $96,006.23. In support hereof, Plaintiff states:

1. On April 22, 2005, Plaintiff filed his Complaint, pursuant to ERISA, 29 U.S.C. §§ 1132 and 1145, and LMRA, 29 U.S.C. § 185, and the Collective Bargaining Agreements ("CBA"), to obtain an audit and recover all unpaid contributions, interest, liquidated damages, professional fees, and court costs owed to Funds.

2. On May 3, 2005, Defendant was served with copies of the Summons and Complaint. A true and correct copy of the Return of Service is attached hereto as Exhibit A.

1

3. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant was required to serve an answer and appear not later than May 23, 2005.

4. On August 2, 2005, the Court found Defendant in default and ordered Defendant to produce its books and records to Plaintiff for an accounting. The Court further retained jurisdiction to enter supplemental judgments in favor of Plaintiff and against Defendant for all contributions, interest, liquidated damages, professional fees and costs due Plaintiff. A true and correct copy of the Court's Order is attached hereto as Exhibit B.

5. On October 19, 2005, and again on November 21, 2005, the Court ordered Joseph F. Cascella, President and registered agent of Defendant, to appear on October 27, 2005, and December 20, 2005, respectively, to show cause why Defendant failed to comply with the Court's August 2, 2005, Order.

6. After Mr. Cascella failed to appear in Court on December 20, 2005, the Court, by Orders dated December 23, 2005, ordered Joseph F. Cascella to appear in Court on January 9, 2006, to avoid the imposition of a civil fine of $500.00 per day against both Joseph F. Cascella and Defendant for failing to comply with the Court's August 2, 2005, Order. True and correct copies of the December 23, 2005, Orders are attached hereto as Exhibit C.

7. After Joseph F. Cascella failed to appear in Court on January 9, 2006, the Court entered a Judgment Order, dated January 23, 2006, in the amount of $5,000.00 against Joseph F. Cascella, with additional civil penalties accruing at the rate of $500.00 per day. A true and correct copy of the January 23, 2006, Judgment Order is attached hereto as Exhibit D.

8. Since the imposition of civil fines did not prompt Defendant to submit to an audit, on July 27, 2006, Plaintiff filed a Rule to Show Cause and requested the Court to issue a body attachment against Joseph F. Cascella.

9. At the August 2, 2006, hearing on Plaintiff's Motion for Rule to Show Cause, the Court advised Plaintiff that fines would not continue to accrue if the Court granted Plaintiff's Motion for Rule to Show Cause and the Court continued Plaintiff's Motion for Rule to Show Cause to August 15, 2006, for further hearing.

10. On August 15, 2006, the Court granted Plaintiff's request for a body attachment against Joseph F. Cascellla. A true and correct copy of the August 15, 2006, Order is attached hereto as Exhibit E.

11. From the time the Court entered judgment on January 23, 2006, through the date the Court granted Plaintiff's request for a body attachment on August 15, 2006, civil fines continued to accrue against both Defendant and Joseph F. Cascella.

12. The total amount of civil fines for the period from January 23, 2006, through August 15, 2006 is $107,000.00, consisting of $5,000.00 in fines as January 23, 2006 + $500.00 per day thereafter through August 15, 2006 ($500.00 @ 204 days). On May 2, 2006, and September 22, 2006, Plaintiff received two payments for $8,653.85 and $2,339.92 from third party Citation Respondent, Fifth Third Bank respectively. After all set-offs and credits are given, as of August 15, 2006, the total amount of unpaid civil fines owed to Plaintiff is $96,006.23 ($107,000.00 less $10,993.77).

13. On August 29, 2006, Defendant finally agreed to schedule an audit.

14. After August 29, 2006, Plaintiff's certified public accounting firm, D M Siegel, LTD, conducted a compliance audit of Defendant's books and records and issued a Report of Audit Changes ("Audit"). The Audit reveals that for the period October 1, 2002, through June 30, 2006, Defendant failed to report and pay amounts due under the CBA on 200 hours of work. A true and correct copy of the Audit is attached hereto as Exhibit F.

3

15. Based on the Audit, CBA, and ERISA, 29 U.S.C. §1132, Plaintiff's damages are:

| | |
|---|---|
| $1,936.00 - | Unpaid contributions per ERISA, 29 U.S.C. §1132(g)(2)(A) and §9.8 of CBA |
| $1,161.60 - | Interest on unpaid contributions per ERISA, 29 U.S.C., §1132(g)(2)(B) and §9.8 of CBA, which includes $1,132.56 set forth in Audit + $29.04/month for the period 3/16/07 to 4/15/07 |
| $1,160.60 - | Statutory double interest per ERISA, 29 U.S.C. §1132(g)(2)(C) |
| $154.88 - | Liquidated damages per §9.8 of CBA |
| $29,290.40 - | Attorneys' fees and costs per §1.6 of CBA and ERISA, 29 U.S.C. §1132(g)(2)(D), through current (see Affidavit of Douglas A. Lindsay, attached as Exhibit G) |
| $5,627.50 - | Audit costs per §1.6 of CBA and 29 U.S.C. §1132(g)(2)(E) (see Affidavit of Dennis M. Siegel, attached as Exhibit H) |
| $39,330.98 - | Total due as of 4/15/2007 |

16. Plaintiff requests the Court to enter judgment in favor of Plaintiff and against Defendant for $39,330.98 in delinquent contributions, interest, damages and all professional fees and costs.

17. Plaintiff further requests the Court to enter judgment in favor of Plaintiff and against Defendant and Joseph F. Cascella, jointly and severally, for $96,006.23 in civil fines.

18. A draft Order is attached hereto as Exhibit I.

WHEREFORE, Plaintiff, JAMES T. SULLIVAN, etc., requests the Court to: (1) enter Judgment in favor of Plaintiff and against Defendant, MOLA CONSTRUCTION CO., INC., in the amount of $39,330.98; and (2) enter Judgment in favor of Plaintiff and against Defendant, MOLA CONSTRUCTION CO., INC. and Joseph F. Cascella in the amount of $96,006.23; and (3) award such other and further relief in favor of Plaintiff and against Defendant as the Court

deems just.

                                        JAMES T. SULLIVAN, etc., by his
                                        attorneys, DOUGLAS A. LINDSAY, JOHN W.
                                        LOSEMAN, LISA M. SIMIONI, and
                                        MEREDITH A. ILG

                                        By: _____

Of Counsel:                             Lisa M. Simioni
LEWIS, OVERBECK & FURMAN, LLP      20 North Clark Street, Suite 3200
20 North Clark Street, Suite 3200         Chicago, IL 60602-5093
Chicago, IL 60602-5093                    312.580.1248
312.580.1200

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )

## PROOF OF SERVICE

CHRISTINE USYAK, being first duly sworn on oath, deposes and says that she served a copy of the foregoing **MOTION FOR ENTRY OF JUDGMENT** upon:

**Mola Construction Co., Inc.**　　　　　**Mola Construction Co., Inc.**
**c/o Joseph F. Cascella**　　　　　　　**c/o Joseph F. Cascella**
**Principal & Registered Agent**　　　　**2S657 Wendelin Court**
**150 Woodview Drive**　　　　　　　　**Wheaton, IL 60101**
**Elgin, IL 60120**

by placing a true and correct copy thereof in a sealed envelope addressed as aforesaid, with postage prepaid, and depositing same in the United States Mail Box at 20 North Clark Street, Suite 3200, Chicago, Illinois on April _10_, 2007, before 4:30 p.m.

_____
CHRISTINE USYAK

Subscribed and sworn to
before me this 10th day
of April, 2007.

_____
Notary Public

"OFFICIAL SEAL"
MARISABEL ALVAREZ
Notary Public, State of Illinois
My Commission Expires Aug. 21, 2010

(Official Seal)

LEWIS, OVERBECK & FURMAN, LLP
20 North Clark Street
Suite 3200
Chicago, IL 60602-5093
312.580.1200